**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ADT LLC; and ADT US HOLDINGS, INC., | § § | |
| Plaintiffs, | § § § | |
| vs. | § § § | |
| CAPITAL CONNECT, INC.; POWER HOME TECHNOLOGIES, LLC; SECURITY INVESTMENTS LLC; ALLIANCE SECURITY INC; MAXIMUM SECURITY ALARM, INC; JOHN LEE; JOHN BACKUS; VICTOR VEGA; TREVOR McALEES; and ANTHONY BONARDI, | § § § § § § § § § § | CASE NO. 3:15-CV-02252-G |
| Defendants. | § § | |

---

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
DEFENDANTS MAXIMUM SECURITY ALARM, INC., JOHN BACKUS,
AND VICTOR VEGA AND BRIEF IN SUPPORT**

---

Defendants Maximum Security Alarm, Inc. ("Maximum Security"), John Backus, and Victor Vega (collectively referred to as "the Defaulting Defendants") failed to answer or otherwise respond to Plaintiffs ADT LLC's and ADT US Holdings, Inc.'s (collectively "ADT") Complaint within the time required by the Federal Rules of Civil Procedure. ADT therefore moves, under Rule 55 of the Federal Rules of Civil Procedure and the Local Rules of this Court, for a default judgment as to liability and injunctive relief against the Defaulting Defendants. ADT further requests that the Court reserve entering a judgment against the Defaulting Defendants as to damages until the time of trial or, alternatively, until an evidentiary hearing may be conducted after the close of fact and expert discovery. The motion is based on the declaration of counsel, the pleadings and filings in this action, and such additional argument and

1

evidence that may be presented at or before any hearing that the Court may order on this Motion.

## I.     FACTUAL BACKGROUND

On July 7, 2015, ADT filed a Complaint against, among others, the Defaulting Defendants seeking damages and injunctive relief due to the Defaulting Defendants' false and misleading statements to ADT customers that they were representatives of, or otherwise directly associated with, ADT or the manufacturer of the customers' alarm systems being monitored by ADT. Compl. (Doc. 1); Decl. of Robert LeMay in Supp. of Pls.' Request for Clerk of Court's Entry of Default Against Defaulting Defs. ("LeMay Decl."), at ¶ 2 (Ex. A). ADT served the Defaulting Defendants in July 2015. *See* Summonses (Docs. 32, 35, 37); LeMay Decl. ¶¶ 3-5 (Ex. A).

Despite the fact that more than 21 days have elapsed since the dates on which the Defaulting Defendants were served with the Summons and Complaint, none of the Defaulting Defendants have filed an answer or otherwise responded to the Complaint. *See generally*, Civil Docket, Case No. 3:15-cv-02252-G; LeMay Decl. ¶¶ 6-8 (Ex. A). As a result, ADT filed a Request for Entry of Default Against the Defaulting Defendants, a copy of which is attached hereto as Exhibit A and incorporated herein by reference. *See* Pls.' Request for Clerk of Court's Entry of Default against Defaulting Defs. (Ex. A). Also included in the Request for Entry of Default, attached hereto, and incorporated herein is the Declaration of Robert LeMay, establishing that, upon information and belief, the Defaulting Defendants are not infants or incompetent persons and searches for Backus's and Vega's names on Service Members Civil Relief Act's website revealed no evidence that they are military personnel. LeMay Decl. ¶¶ 9-11

2

(Ex. A).  On December 14, 2015, the Clerk of Court entered a default as to the Defaulting Defendants.  Clerk's Entries of Default (Doc. 93) (Ex. B).

ADT now move the Court to enter a default judgment as to liability and injunctive relief and reserve a judgment as to damages until the time of trial or, alternatively, until after an evidentiary hearing following the close of fact and expert discovery.

## II.    ARGUMENT

### A.  The Court should enter a default judgment against the Defaulting Defendants as to liability and injunctive relief.

Three steps are required to obtain a default judgment in the Fifth Circuit:  (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court.  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure.  *Id.*  When this occurs, the clerk, upon a party's request, will enter default when default is established by an affidavit or otherwise.  *Id.*  After the clerk's entry of default, a party may apply to the district court for a judgment based on such default.  *Id.*

The first two steps required to obtain a default judgment have been met.  As noted above, the Defaulting Defendants failed to answer or otherwise respond to ADT's Complaint within the time required by the Federal Rules of Civil Procedure.  *See* LeMay Decl. ¶¶ 6-8 (Ex. A).  As a result, ADT requested that the Clerk of Court enter defaults against the Defaulting Defendants and the Clerk of Court entered defaults.  *See* Pls.' Request for Clerk of Court's Entry of Default Against Defaulting Defs. (Ex. A); Clerk's Entries of Default (Ex. B).

Because ADT has met the Fifth Circuit's first two requirements to obtain a default judgment, the Court should enter a default judgment against the Defaulting Defendants as to

liability and injunctive relief.  When making a determination as to whether to enter a default judgment, the Court should consider the following factors:  (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Analysis of the six factors weighs in favor of the Court entering a default judgment.  First, no material issues of fact exist because, by failing to answer or otherwise respond to the Complaint, the Defaulting Defendants have admitted the well-pleaded allegations. *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (noting that Green Tree did not file a responsive pleading or otherwise appear and therefore did not contest any facts in the complaint).

Second, the Defaulting Defendants' failure to respond to ADT's Complaint threatens to bring the adversary process to a halt, effectively prejudicing ADT's interests in pursuing its rights afforded by law.

Third, as shown in the Declaration of Robert LeMay, ADT has established the grounds for default:  The Defaulting Defendants never responded to the Complaint and the Defaulting Defendants are not infants, incompetent persons, or in military service.  *See* Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521(a), (b)(1)(A)-(B); LeMay Decl. ¶¶ 6-11 (Ex. A).  Moreover, Maximum Security, as a corporation, cannot be a minor, an incompetent person, or active in military service. *Arch Ins. Co. v. WM Masters & Associates, Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *3 (N.D. Tex. Jan. 14, 2013).

Fourth, there is no evidence before the Court that "a good faith mistake or excusable neglect" caused the default.

Fifth, the Defaulting Defendants have had over five months to answer or otherwise respond to ADT's Complaint, mitigating the harshness of a default judgment.

Finally, ADT seeks only the relief to which it is entitled under the law and is aware of no applicable defense excusing the Defaulting Defendants' misconduct; thus, based on the facts known to ADT, there is no "good cause" for which the Court would be obligated to set aside the default if later challenged by the Defaulting Defendants. *See Helena Chemical Co. v. Goodman et al.*, No. 5:10–cv–121, 2011 WL 1532200, at *1 (S.D. Miss., Apr. 21, 2011) (noting that the district court, in deciding whether to grant a motion for a default judgment, should consider whether the defendant has a meritorious defense to the complaint).

Based on the well-pleaded allegations of ADT's Complaint, ADT seeks a judgment against the Defaulting Defendants finding that they engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and the common law.  More specifically, ADT requests that the Court enter a default judgment, finding that, as pleaded in the Complaint:

- The Defaulting Defendants engaged in unfair competition by misrepresenting themselves to ADT customers as technicians or agents of companies affiliated with ADT, visiting the customers to provide an "upgrade" of the customers' ADT alarm systems, and using other false sales pitches specified in the Complaint that were intended to mislead ADT customers as to the Defaulting Defendants' true affiliation.

- The Defaulting Defendants' false and misleading statements caused actual confusion among ADT's customers as to the source, affiliation, connection and/or sponsorship of the alarm services.

- ADT has been and will continue to be damaged as a result of the Defaulting Defendants' false statements, by the confusion of the market for ADT's goods and services, by the disruption of ADT's relationships with its customers, by the diversion of ADT's customers to other monitoring companies, and by damage to ADT's goodwill and reputation as a reliable provider of security systems.

7311361 v1

ADT further seeks a judgment against the Defaulting Defendants awarding the following injunctive relief:

1.   The Defaulting Defendants shall not make any false statement, and shall not train any of their agents to make any false statement, regarding the function, performance, capabilities, specification, features, requirements, reliability, availability, or design of any ADT customer's equipment, security systems, or services, or to misrepresent to any ADT customer that such customer's ADT security system is deficient.

2.   The Defaulting Defendants shall not falsely state or imply (or train any of their agents falsely to state or imply) any of the following to a potential customer:

    a.   That ADT is going out of business or is in financial difficulty;

    b.   That ADT does not exist;

    c.   That ADT is changing, or has changed, its company name;

    d.   That the Defaulting Defendants are acquiring, merging with, have been taken over by, or are part of ADT;

    e.   That the Defaulting Defendants are acting on behalf of, or are otherwise acting with the consent or approval of ADT;

    f.   That the Defaulting Defendants are a "sister" or affiliated company of ADT;

    g.   That the Defaulting Defendants manufacture the equipment used by ADT;

    h.   That the Defaulting Defendants are performing routine maintenance on ADT's equipment;

    i.   That the Defaulting Defendants are at the customer's door to "update" or "upgrade" or "check" or "replace" an existing system;

    j.   That the Defaulting Defendants, or any other entity, are "taking over" the monitoring of an ADT account or have purchased an ADT account from ADT;

    k.   That ADT is not, or has stopped, monitoring the alarm system for that person, residence, or business;

l.      That ADT will no longer be able to monitor or service the alarm system for that person, residence, or business;

m.      That the Defaulting Defendants are affiliated with, have the endorsement of, or are in any manner acting at the direction of any governmental or law enforcement agency.

**B. The Court should reserve entering judgment as to damages until the time of trial, or alternatively, after an evidentiary hearing.**

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability.  But it does not establish the amount of damages."  *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987).  A court may enter a default judgment against a party and determine damages without the benefit of an evidentiary hearing only "where the amount claimed is a liquidated sum or one capable of mathematical calculation."  *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (internal quotation marks omitted).  Liquidated damages are "those either agreed upon by the parties in a contract, or fixed by operation of law."  *Beachhead, L.P. v. Solar Night Indus., Inc.*, No. CIV.A.3:08-CV-0718-D, 2008 WL 4692856, at *1 (N.D. Tex. Oct. 23, 2008).  A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone."  *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993).  Moreover, conduct sufficient to warrant punitive damages is not regarded as admitted by default and therefore requires evidence of conduct sufficient to support the punitive damages sought.  *Beachhead, L.P.*, 2008 WL 4692856, at *3.

In addition to the injunctive relief noted above, ADT requested in its Complaint an award of unliquidated damages in the form of compensatory damages, punitive damages, defendants' profits resulting from their deceptive practices, and attorney fees and costs.  Compl., pp. 36-41 (Doc. 1).  Given that ADT's damages are unliquidated in nature and very little discovery has

occurred thus far regarding the extent of Defendants' deceptive practices, ADT does not yet have a sum capable of mathematical calculation. ADT intends to develop a record of these damages through fact and expert discovery. Backus and Vega, for example, were (or may still be) Capital Connect representatives and ADT will therefore uncover through discovery the extent of their deceptive practices involving ADT's customers. Compl. ¶¶ 10-11 (Doc. 1). For this reason, ADT requests that the Court reserve entering a judgment as to damages until the time of trial or, alternatively until an evidentiary hearing may be conducted after the close of fact and expert discovery. *See Beachhead, L.P.*, 2008 WL 4692856, at *1 (noting that, "as a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing.").

## III.   CONCLUSION

ADT requests that the Court enter a default judgment as to liability and injunctive relief against the Defaulting Defendants in the form of the proposed order submitted herewith. ADT also requests that the Court reserve entering a judgment as to damages until the time of trial or, alternatively until an evidentiary hearing may be conducted after the close of fact and expert discovery.

Dated this 15th day of December, 2015.

Respectfully submitted,

By: */s/ Robert N. LeMay*
        Robert N. LeMay (Texas Bar No. 12188750)
        KANE RUSSELL COLEMAN & LOGAN PC
        3700 Thanksgiving Tower
        1601 Elm Street
        Dallas, TX  75201

Telephone:  214-777-4200
Facsimile:  214-777-4299
rlemay@krcl.com

Richard G. Sander, *Pro Hac Vice*
Kali Backer, *Pro Hac Vice*
SHOOK, HARDY & BACON L.L.P.
1660 17th Street
Suite 450
Denver, CO  80202
Telephone:  303-285-5300
Facsimile:  303-285-5301
rsander@shb.com
kbacker@shb.com

Aaron K. Kirkland, *Pro Hac Vice*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:  816-474-6550
Facsimile:  816-421-5547
akirkland@shb.com

C. Sanders McNew, *Pro Hac Vice*
McNEW P.A.
2385 N.W. Executive Drive
Suite 100
Boca Raton, FL  33431
Telephone:  561-299-0257
mcnew@mcnew.net

*Attorneys for Plaintiffs*
*ADT LLC and ADT US Holdings, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of December, 2015, the foregoing was presented to the Clerk of Court for filing, uploading, and delivery to counsel of record via the CM/ECF system:

Andrés Correa
Christopher J. Schwegmann
Jared D. Eisenberg
LYNN TILLOTSON PINKER & COX, L.L.P.
2100 Ross Avenue
Suite 2700
Dallas, TX  75201
Telephone:  214-981-3800
Facsimile:  214-891-3829
acorrea@lynnllp.com
cschwegmann@lynnllp.com
jeisenberg@lynnllp.com

*Attorneys for Defendant*
*Capital Connect, Inc*.

Jodie Slater Hastings
STANDLY & HAMILTON LLP
325 North St. Paul
Suite 3300
Dallas, TX  75201
Telephone:  214-234-7945
Facsimile:  214-234-7300
jhastings@standlyhamilton.com

*Attorneys for Defendants*
*John Lee and Trevor McAlees*

Greg K. Winslett
Brent Lee
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street
Suite 1800
Dallas, TX  75201
Telephone:  214-871-2100
Facsimile:  214-871-2111
gwinslett@qslwm.com
blee@qslwm.com

*Attorneys for Defendant*
*Security Investments LLC*

*/s/ Robert N. LeMay*
Robert N. LeMay

7311361 v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

ADT LLC, and ADT US HOLDINGS, INC., §
§
     Plaintiffs, §
§
vs. §
§
CAPITAL CONNECT, INC.; POWER HOME §   CASE NO. 3:15-CV-02252-G
TECHNOLOGIES, LLC; SECURITY §
INVESTMENTS LLC; ALLIANCE §
SECURITY INC; MAXIMUM SECURITY §
ALARM, INC; JOHN LEE; JOHN BACKUS; §
VICTOR VEGA; TREVOR McALEES; and §
ANTHONY BONARDI, §
§
     Defendants. §

---

## PLAINTIFFS' REQUEST FOR CLERK OF COURT'S ENTRY OF DEFAULT AGAINST DEFENDANTS MAXIMUM SECURITY ALARM, INC., JOHN BACKUS, AND VICTOR VEGA

---

TO: THE CLERK OF THE ABOVE-ENTITLED COURT

     Plaintiffs hereby request that the Clerk enter default in this matter against Defendants Maximum Security Alarm, Inc. ("Maximum Security"), John Backus, and Victor Vega (collectively referred to as "the Defaulting Defendants") on the ground that the Defaulting Defendants have failed to appear or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure. Decl. of Robert LeMay in Supp. of Pls.' Request for Clerk of Court's Entry of Default Against Defaulting Defs., ¶ 9, attached hereto as Ex. A.

     Plaintiffs served the Summons and Complaint on the Defaulting Defendants in July 2015, as evidenced by the proof of service on file with this Court. *Id.* at ¶¶ 3-5. Neither Plaintiffs nor the Court have granted the Defaulting Defendants any extensions of time to respond to the

1

**EXHIBIT A**

Complaint. *Id.* at ¶ 8. Plaintiffs are informed and believe that the Defaulting Defendants are not infants, incompetent persons, or military personnel. *Id.* at ¶¶ 10-12.

Dated this <u>14</u><sup>th</sup> day of December, 2015.

Respectfully submitted,

By: */s/ Robert N. LeMay*
Robert N. LeMay (Texas Bar No. 12188750)
KANE RUSSELL COLEMAN & LOGAN PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201
Telephone: 214-777-4200
Facsimile: 214-777-4299
rlemay@krcl.com

Richard G. Sander, *Pro Hac Vice*
Kali Backer, *Pro Hac Vice*
SHOOK, HARDY & BACON L.L.P.
1660 17th Street
Suite 450
Denver, CO 80202
Telephone: 303-285-5300
Facsimile: 303-285-5301
rsander@shb.com
kbacker@shb.com

Aaron K. Kirkland, *Pro Hac Vice*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
akirkland@shb.com

C. Sanders McNew, *Pro Hac Vice*
McNEW P.A.
2385 N.W. Executive Drive
Suite 100
Boca Raton, FL 33431
Telephone: 561-299-0257
mcnew@mcnew.net

*Attorneys for Plaintiffs*
*ADT LLC and ADT US Holdings, Inc.*

EXHIBIT A

7309273 v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14<u>th</u> day of December, 2015, the foregoing

was presented to the Clerk of Court for filing, uploading, and delivery to counsel of record via

the CM/ECF system:

| | |
|---|---|
| Andrés Correa<br>Christopher J. Schwegmann<br>Jared D. Eisenberg<br>LYNN TILLOTSON PINKER & COX, L.L.P.<br>2100 Ross Avenue<br>Suite 2700<br>Dallas, TX 75201<br>Telephone: 214-981-3800<br>Facsimile: 214-891-3829<br>acorrea@lynnllp.com<br>cschwegmann@lynnllp.com<br>jeisenberg@lynnllp.com<br><br>***Attorneys for Defendant***<br>***Capital Connect, Inc.*** | Jodie Slater Hastings<br>STANDLY & HAMILTON LLP<br>325 North St. Paul<br>Suite 3300<br>Dallas, TX 75201<br>Telephone: 214-234-7945<br>Facsimile: 214-234-7300<br>jhastings@standlyhamilton.com<br><br>***Attorneys for Defendant***<br>***John Lee*** |
| Greg K. Winslett<br>Brent Lee<br>QUILLING, SELANDER, LOWNDS,<br>WINSLETT & MOSER, P.C.<br>2001 Bryan Street<br>Suite 1800<br>Dallas, TX 75201<br>Telephone: 214-871-2100<br>Facsimile: 214-871-2111<br>gwinslett@qslwm.com<br>blee@qslwm.com<br><br>***Attorneys for Defendant***<br>***Security Investments LLC*** | |

*/s/ Robert N. LeMay*
Robert N. LeMay

EXHIBIT A

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADT LLC, and ADT US HOLDINGS, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| CAPITAL CONNECT, INC.; POWER HOME | § | CASE NO. 3:15-CV-02252-G |
| TECHNOLOGIES, LLC; SECURITY | § | |
| INVESTMENTS LLC; ALLIANCE | § | |
| SECURITY INC; MAXIMUM SECURITY | § | |
| ALARM, INC; JOHN LEE; JOHN BACKUS; | § | |
| VICTOR VEGA; TREVOR McALEES; and | § | |
| ANTHONY BONARDI, | § | |
| | § | |
| Defendants. | § | |

---

## DECLARATION OF ROBERT LEMAY IN SUPPORT OF PLAINTIFFS' REQUEST FOR CLERK OF COURT'S ENTRY OF DEFAULT AGAINST DEFENDANTS MAXIMUM SECURITY ALARM, INC., JOHN BACKUS, AND VICTOR VEGA

---

I, Robert LeMay, declare:

1.      I am an attorney at law licensed to practice before the Courts of the State of Texas and this United States District Court. I am an attorney at the law firm of Kane Russell Coleman & Logan PC, attorneys for Plaintiffs. Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.      On July 7, 2015, ADT filed a Complaint against, among others, Defendants Maximum Security Alarm, Inc. ("Maximum Security"), John Backus, and Victor Vega (collectively referred to as "the Defaulting Defendants").

3.      Maximum Security was served with the Summons and Complaint on July 15, 2015. Summons (Doc. 32).

7309289 v1

EXHIBIT A

4. Backus was served with the Summons and Complaint on July 30, 2015. Summons (Doc. 35).

5. Vega was served with the Summons and Complaint on July 14, 2015. Summons (Doc. 37).

6. More than 21 days have elapsed since the dates on which the Defaulting Defendants were served with the Summons and Complaint.

7. Neither Plaintiffs nor the Court have granted the Defaulting Defendants any extension of time to respond to the Complaint.

8. The Defaulting Defendants have failed to answer or otherwise respond to the Complaint, or serve a copy of any answer or other response upon Plaintiffs' attorneys of record.

9. I am informed and believe that the Defendants are not infants or incompetent persons.

10. Searches for Backus's and Vega's names were conducted in the Servicemembers Civil Relief Act's website. Those searches revealed no evidence that Backus and Vega are in the military service. See Status Reports Pursuant to Servicemembers Civil Relief Act (Ex. A-1 and Ex. A-2, respectively).

11. Maximum Security is a corporation and consequently cannot be a minor, an incompetent person, or military personnel.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 14, 2015 at Dallas, Texas.

_____
Robert LeMay

EXHIBIT A

# EXHIBIT "A-1"

Department of Defense Manpower Data Center

Results as of : Dec-11-2015 11:17:50 AM

SCRA 3.0



### Status Report
### Pursuant to Servicemembers Civil Relief Act

Last Name: BACKUS
First Name: JOHN
Middle Name:
Active Duty Status As Of: Dec-11-2015

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

EXHIBIT A

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ý 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via this URL: https://kb.defense.gov/PublicQueries/publicQuestions/FaqsAnswers.jsp?Subject=Locating Service Members or Getting a Mailing Addresss. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ý 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certificate ID: P4YCD181U2D8Q00

EXHIBIT A

# EXHIBIT "A-2"

Department of Defense Manpower Data Center



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: VEGA

First Name: VICTOR

Middle Name:

Active Duty Status As Of: Dec-11-2015

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

EXHIBIT A

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ÿ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via this URL: https://kb.defense.gov/PublicQueries/publicQuestions/FaqsAnswers.jsp?Subject=Locating Service Members or Getting a Mailing Addresss. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ÿ 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certificate ID: A4N5W111T2FF410

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADT LLC, and ADT US HOLDINGS, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| CAPITAL CONNECT, INC.; POWER HOME | § | CASE NO. 3:15-CV-02252-G |
| TECHNOLOGIES, LLC; SECURITY | § | |
| INVESTMENTS LLC; ALLIANCE | § | |
| SECURITY INC; MAXIMUM SECURITY | § | |
| ALARM, INC; JOHN LEE; JOHN BACKUS; | § | |
| VICTOR VEGA; TREVOR McALEES; and | § | |
| ANTHONY BONARDI, | § | |
| | § | |
| Defendants. | § | |

---

## CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANTS MAXIMUM SECURITY ALARM, INC., JOHN BACKUS, AND VICTOR VEGA

---

This matter came before the Clerk on Plaintiffs ADT LLC and ADT US Holdings, Inc.'s Application to Clerk of Court for Entry of Default Against Defendants Maximum Security Alarm, Inc. ("Maximum Security"), John Backus, and Victor Vega as to Plaintiffs' Complaint. Having considered the Application and the supporting affidavits, it is determined that it should be GRANTED. It is therefore

ORDERED, ADJUDGED, and DECREED that default is entered of record against Defendants Maximum Security, John Backus, and Victor Vega as to Plaintiffs' Complaint.

Dated _____.

_____

United States District Clerk

Submitted by:

7308391 v1

EXHIBIT A

By: /s/ Robert N. LeMay

    Robert N. LeMay (Texas Bar No. 12188750)
    KANE RUSSELL COLEMAN & LOGAN PC
    3700 Thanksgiving Tower
    1601 Elm Street
    Dallas, TX 75201
    Telephone: 214-777-4200
    Facsimile: 214-777-4299
    rlemay@krcl.com

    Richard G. Sander, *Pro Hac Vice*
    Kali Backer, *Pro Hac Vice*
    SHOOK, HARDY & BACON L.L.P.
    1660 17th Street
    Suite 450
    Denver, CO 80202
    Telephone: 303-285-5300
    Facsimile: 303-285-5301
    rsander@shb.com
    kbacker@shb.com

    Aaron K. Kirkland, *Pro Hac Vice*
    SHOOK, HARDY & BACON L.L.P.
    2555 Grand Boulevard
    Kansas City, MO 64108
    Telephone: 816-474-6550
    Facsimile: 816-421-5547
    akirkland@shb.com

    C. Sanders McNew, *Pro Hac Vice*
    McNEW P.A.
    2385 N.W. Executive Drive
    Suite 100
    Boca Raton, FL 33431
    Telephone: 561-299-0257
    mcnew@mcnew.net

    ***Attorneys for Plaintiffs***
    ***ADT LLC and ADT US Holdings, Inc.***

2

EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## Dallas Division

|  | § |  |
|---|---|---|
|  | § |  |
| _____ADT LLC et al_____ | § |  |
| Plaintiff | § |  |
|  | § |  |
| v. | § | Civil Action No. _3:15-cv-02252-G_____ |
|  | § |  |
|  | § |  |
|  | § |  |
| _____Capital Connect Inc et al_____ | § |  |
| Defendant | § |  |

## CLERK'S ENTRY OF DEFAULT

The record reflects that service of the complaint has been made upon the Defendant named below:

Maximum Security Alarm Inc

_____

It appears from the record that service of the complaint has been made, that the Defendant has failed to answer or otherwise defend as directed within the time allowed, and that the Plaintiff has shown that failure through affidavit or otherwise.

Therefore, upon Plaintiff's request, DEFAULT is entered against the Defendant named above.

KAREN S. MITCHELL, CLERK
U.S. DISTRICT COURT


_s/R. Negron_____
By: Deputy Clerk on 12/14/15

EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### Dallas Division

|  | § |  |
|---|---|---|
|  | § |  |
| _____ADT LLC et al_____ | § |  |
| Plaintiff | § |  |
|  | § |  |
| v. | § | Civil Action No. _3:15-cv-02252-G_____ |
|  | § |  |
|  | § |  |
|  | § |  |
| _____Capital Connect Inc et al_____ | § |  |
| Defendant | § |  |

## CLERK'S ENTRY OF DEFAULT

The record reflects that service of the complaint has been made upon the Defendant named below:

John Backus

_____

It appears from the record that service of the complaint has been made, that the Defendant has failed to answer or otherwise defend as directed within the time allowed, and that the Plaintiff has shown that failure through affidavit or otherwise.

Therefore, upon Plaintiff's request, DEFAULT is entered against the Defendant named above.

KAREN S. MITCHELL, CLERK
U.S. DISTRICT COURT


_s/R. Negron_____
By: Deputy Clerk on 12/14/15

EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## Dallas Division

|  |  |  |
|---|---|---|
| _____ADT LLC et al_____ | § § § § | |
| Plaintiff | § | |
| v. | § § § | Civil Action No. _3:15-cv-02252-G_____ |
| _____Capital Connect Inc et al_____ | § § § | |
| Defendant | § | |

## <u>CLERK'S ENTRY OF DEFAULT</u>

The record reflects that service of the complaint has been made upon the Defendant named below:

Victor Vega

_____

It appears from the record that service of the complaint has been made, that the Defendant has failed to answer or otherwise defend as directed within the time allowed, and that the Plaintiff has shown that failure through affidavit or otherwise.

Therefore, upon Plaintiff's request, DEFAULT is entered against the Defendant named above.

KAREN S. MITCHELL, CLERK
U.S. DISTRICT COURT


_s/R. Negron_____
By: Deputy Clerk on 12/14/15

EXHIBIT B