UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADT LLC, ET AL.,                     )
                                     )
        Plaintiffs,                  )
                                     )        CIVIL ACTION NO.
VS.                                  )
                                     )        3:15-CV-2252-G
CAPITAL CONNECT, INC., ET AL.,       )
                                     )
        Defendants.                  )

# ORDER

Before the court is the plaintiffs' motion for default judgment against the defendants Maximum Security Alarm, Inc., John Backus, and Victor Vega (together "the defaulting defendants") (docket entry 96). For the reasons stated below, the motion is denied.

The plaintiffs filed their original complaint in this case on July 7, 2015 against the defaulting defendants and several other defendants. *See* Complaint (docket entry 1). The plaintiffs served the defaulting defendants in July 2015 (docket entries 32, 35, 37). To date, the defaulting defendants have not answered or otherwise appeared in this suit. On December 14, 2015, the plaintiffs filed a request under FED. R. CIV. P. 55 for the clerk of court to enter default as to the defaulting defendants (docket

entry 92). The clerk properly entered default as to the defaulting defendants on December 14, 2015 (docket entry 93). The plaintiffs filed a motion for default judgment against the defaulting defendants on December 15, 2015 (docket entry 96). One of the remaining non-defaulting defendants, Capital Connect Inc., filed a notice of legal authority regarding the motion for default judgment (docket entry 99).

In an action with multiple defendants, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). Courts have held that where the entry of a final judgment or damage award as to one defendant creates the risk of inconsistent judgments or damage awards, there is just reason for delay. See, *e.g.*, *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1262 (7th Cir. 1980); *Friedman v. Lawrence*, No. 90-CV-5584-VLB, 1991 WL 206308, at *3 (S.D. N.Y. Oct. 2, 1991); *Impala African Safaris, LLC v. Dallas Safari Club, Inc.*, No. 3:13-CV-2175-G, 2013 WL 6231413, at **2-3 (N.D. Tex. Dec. 2, 2013) (Fish, J.); see also *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

Here, the plaintiffs assert the same claims and seek the same remedies against the defaulting defendants as they do against the non-defaulting defendants. *See* Complaint at 34-41; Plaintiff's Motion for Default Judgment at 5-8 (docket entry 96). Thus, entry of the judgment the plaintiffs seek against the defaulting defendants would create an obvious risk of directly inconsistent judgments. *See generally* Capital

Connect's Notice of Legal Authority (docket entry 99). The rule developed in *Frow* applies when the liability is joint and several, yet courts have consistently extended it to situations in which the plaintiffs seek declaratory relief and where several defendants have related defenses. See *State Farm Fire and Casualty Company v. Nokes*, No. 2:08-CV-312-PPS, 2010 WL 679057, at *3 (N.D. Ind. Feb. 23, 2010) (denying motion for default judgment, where plaintiff sought declaratory relief against eleven defendants and seven failed to answer, because granting the motion for default judgment would lead to "logically inconsistent adjudications"); *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek Partnership, Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *2-3 (S.D. Tex. Feb. 26, 2010) (denying motion for default judgment in action seeking declaratory judgment against two defendants with one defendant in default); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998); see also *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The court will therefore delay entry of judgment against the defaulting defendants.

When the court delays the entry of final judgment against defendants who have defaulted where other defendants have not, the defaulting defendants no longer have standing in the case and are not "entitled . . . to appear in it in any way." See *Frow*, 82 U.S. at 554. Since Maximum Security Inc., John Backus and Victor Vega

have defaulted, and the clerk properly entered default against them, they will not be permitted to appear in this action as the case proceeds.

For these reasons, the plaintiffs' motion for default judgment is **DENIED**.

**SO ORDERED**.

December 17, 2015.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**