UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


ADT LLC, ET AL.,                          )
                                          )
          Plaintiffs,                     )
                                          )          CIVIL ACTION NO.
VS.                                       )
                                          )          3:15-CV-2252-G
CAPITAL CONNECT, INC., ET AL.,            )
                                          )
          Defendants.                     )


## MEMORANDUM OPINION AND ORDER

Before the court are (1) the motion of the plaintiffs, ADT LLC and ADT US

Holdings, Inc. (together "ADT"), to enjoin the defendant Alliance Security, Inc.

("Alliance") from continuing use of deceptive sales practices (docket entry 114), and

(2) Alliance's motion for leave to file a sur-reply in opposition to ADT's motion to

enjoin Alliance (docket entry 129).  For the reasons stated below, the plaintiffs'

motion to enjoin Alliance is denied, and Alliance's motion for leave to file a sur-reply

is denied as moot.

### I.  BACKGROUND

#### A.  Factual Background

ADT provides electronic security services and equipment to homes and

businesses throughout the United States.  ADT's Motion to Enjoin Alliance from

Continuing Use of Deceptive Sales Practices and Brief in Support ("Motion") ¶ 1

(docket entry 114).  ADT has been providing alarm services for over a century and

today provides monitoring services for nearly one quarter of American homes

equipped with alarm systems.  *Id.*  In this case, ADT has sued Alliance, four other

alarm-service sale companies, and five individual alarm-service sales persons.

Complaint ("Complaint") (docket entry 1).*

Alliance sells and installs alarm systems on behalf of Monitronics International.

Motion ¶ 2.  ADT contends that Alliance and the other defendants are engaged in "a

campaign to increase their market share at ADT's expense" through unfair

competition.  *Id.* ¶ 3.  Specifically, here, ADT seeks a preliminary injunction to stop

Alliance from misrepresenting Apollo Global Management's recent announcement

that it had offered to purchase ADT's parent company, the ADT Corporation.  *Id.* ¶

4.  One ADT customer, Charles Kratzenberg, reported to ADT that two Alliance sales

agents allegedly told him that ADT was going out of business, tried to get him to

switch to Alliance from ADT, and handed him a flyer.  *Id.*  The flyer stated, in

relevant part, that "ADT is losing accounts by almost half from 11 million to 6

million" and that ADT would raise prices as a result of the Apollo transaction.

---

\*       Only four alarm-service sale companies remain in this suit, as the court
dismissed ADT's claims against Security Investments, Inc. (docket entry 84).
Additionally, only four individual alarm-service sales persons remain in this suit, as
the court dismissed ADT's claims against Anthony Bonardi (docket entry 87).

ADT contends that the flyer contains false statements because it claims ADT is going out of business or losing business, maintains that ADT's services are inferior and not local, and suggests that ADT employs unaffiliated contractors to install alarm systems. *Id.* ¶ 5. ADT contends that this recent Alliance sales tactic is a part of a "campaign" related to the "false and deceptive statements," made by Capital Connect, Inc. ("Capital Connect")'s sales agents, that misled ADT's customers. *Id.* ¶ 3. In October 2015, the court preliminarily enjoined Capital Connect and its agents from engaging in these false and deceptive sales tactics. See *ADT, LLC v. Capital Connect, Inc.*, ___ F. Supp. 3d ___, No. 3:15-CV-2252-G, 2015 WL 6549277, at *21 (N.D. Tex. Oct. 28, 2015) (Fish, J.); Order of Preliminary Injunction of October 28, 2015 (docket entry 83). Now, ADT asks the court to amend its order preliminarily enjoining Capital Connect to add Alliance as an additional party bound by the order of preliminary injunction. Motion ¶ 9.

## B.  Procedural Background

ADT filed this suit against Alliance, as well as several other defendants, in this court on July 7, 2015 (docket entry 1). On the same day, ADT filed a motion for preliminary injunction against Capital Connect seeking to prevent Capital Connect from engaging in false and misleading sales tactics (docket entry 4). In support of its motion to preliminarily enjoin Capital Connect, ADT submitted appendices (docket entries 7, 17, 18, 56, 57, 58, 59) containing 55 customer declarations and 269

reports detailing Capital Connect's allegedly false and misleading sales tactics.  See

*Capital Connect, Inc.*, __ F. Supp. 3d __, 2015 WL 6549277, at *10, 14-19.

Additionally, ADT submitted empirical evidence of a recent acceleration in customer

complaints regarding Capital Connect's false and misleading sales tactics.  *See* ADT's

Appendix, Exhibit 2, Declaration of Marcia Gold ¶ 5 (docket entry 7).  After the

parties extensively briefed the motion for preliminary injunction, this court entered a

memorandum opinion and order (docket entry 82) granting ADT's motion to

preliminarily enjoin Capital Connect's false and misleading sales tactics, and entered

a separate order prescribing the terms of the preliminarily injunction (docket entry

83).

On March 28, 2016, ADT filed the instant motion to enjoin  Alliance from

continuing use of deceptive sales practices (docket entry 114).  Alliance filed a timely

response (docket entry 120), to which ADT served a timely reply (docket entry 124).

In its reply, ADT asked the court to defer ruling on the instant motion to give ADT

an opportunity to seek discovery on Alliance "to determine whether an actual or

apparent agency exists between Alliance and the users of the flyer."  ADT's Reply in

Further Support of Motion to Enjoin Alliance from Continuing Use of Deceptive

Sales Practices ("Reply") at 2 (docket entry 124).  The motion is now ripe for

consideration.

## II. ANALYSIS

### A. Preliminary Injunction Standard

Under 15 U.S.C. § 1116(a), this court has "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark office." *See also* FED. R. CIV. P. 65(a)(1).

To obtain a preliminary injunction, it is well established that a movant must show: (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that granting the injunction will not disserve the public interest. *Paulsson Geophysical Services, Inc. v. Sigmar*, 529 F.3d 303, 309 (5th Cir. 2008); *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).  The decision to grant or deny a preliminary injunction is left to the sound discretion of the district court. *Mississippi Power & Light*, 760 F.2d at 621.  A preliminary injunction is an extraordinary remedy which should only be granted if the movant has clearly carried his burden of persuasion on all four factors. *Id.*; *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (A

preliminary injunction is a "drastic remedy" that "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.") (citation omitted) (emphasis in original); *PCI Transportation, Inc. v. Fort Worth & Western Railroad Company*, 418 F.3d 535, 546 (5th Cir. 2005) ("[t]he plaintiff has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction."). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Mississippi Power & Light*, 760 F.2d at 621; *House the Homeless, Inc. v. Widnall*, 94 F.3d 176, 180 (5th Cir. 1996), *cert. denied*, 520 U.S. 1169 (1997).

## B.  Discussion

### 1. *The court will not defer its ruling on the motion for preliminary injunction*

In its reply, ADT asked this court to defer ruling on its motion so that it could seek discovery "to determine whether an actual or apparent agency exists between Alliance and the users of the flyer." *See* Reply at 2.  ADT made this request after Alliance contended in its response that the sales representatives who distributed the flyer at issue were not Alliance's agents.  Alliance's Response in Opposition of ADT's Motion to Enjoin Alliance ("Response") at 10-12 (docket entry 120).  ADT claims that "Alliance rests its opposition entirely on" its defense that the agents who distributed the flyer were not its agents.  Reply at 2.  This claim, however, is not true.

While Alliance rests a significant portion of its response on this defense, Alliance contends that the court should not grant ADT's motion to enjoin it for several other reasons.  *See generally* Response.  Since the court has concluded that ADT's motion to enjoin Alliance should not be granted because ADT failed to show a substantial threat that it will suffer irreparable injury if the injunction is not granted, ADT's request to defer its ruling on its motion is denied.

2. *ADT has failed to show a substantial threat that it will suffer irreparable injury if the injunction is not granted*

In its motion to enjoin Alliance from continuing use of deceptive sales practices, ADT contends that the court may enjoin Alliance under the common law claim for unfair competition.  Motion ¶ 11.  Alliance maintains that Alliance's allegedly false sales pitch and use of flyers claiming that ADT is going out of business violate the Texas Deceptive Advertising Statute, V.T.C.A., BUS. & COM. § 17.12(a), the Texas Deceptive Trade Practices Statute, V.T.C.A., BUS. & COM. § 17.46(a), and tortiously interferes with its contracts with its customers.  *Id.* ¶ 12.

In its motion to preliminarily enjoin Capital Connect, ADT contended that the court should enjoin Capital Connect because its false and misleading sales tactics violated the Lanham Act, 15 U.S.C. § 1125(a).  See *Capital Connect, Inc.*, __ F. Supp. 3d __, 2015 WL 6549277, at *1.  Thus, the basis for ADT's motion to enjoin Capital Connect is a different law.  Yet, ADT "incorporates" its briefs and arguments as to why the court should enjoin Capital Connect into its motion to request that the court

enjoin Alliance.  *See* Motion ¶ 9.  ADT concedes that Alliance's alleged actions do not violate the Lanham Act, and explains the differences between the Lanham Act and the provisions Alliance has allegedly violated.  *Id.* ¶¶ 10-12.  ADT makes no effort to carry its heavy burden to prove each element required for the court to issue a preliminary injunction.  See *id.*

When this court granted ADT's motion to preliminarily enjoin Capital Connect, it relied on 269 reports of customer confusion, 55 customer declarations, empirical data showing a rise in customer complaints, and substantial proof of each preliminary injunction element.  See *Capital Connect, Inc.*, ___ F. Supp. 3d ___, 2015 WL 6549277, at *10, 14-19.  Here, ADT attaches one anecdotal customer declaration, but fails to address how it has carried its burden with regard to each of the four preliminary injunction elements.  *See* Motion at ¶¶ 4, 9-14.  ADT relies solely on its previous arguments involving separate and distinct factual allegations and legal theories to support the instant motion to enjoin Alliance.  See generally *id.*

To obtain a preliminary injunction, it is well established that a movant must show:  (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that granting the injunction will not disserve the public interest.  *Paulsson Geophysical*

*Services, Inc.*, 529 F.3d at 309.  While ADT has not carried its burden to show any of the required elements, the court specifically denies ADT's motion on the grounds that ADT has failed to show "a substantial threat that the movant will suffer irreparable injury if the injunction is not granted."  *Id.*  Irreparable harm requires a showing that: the harm is imminent, the injury would be irreparable, and that the plaintiffs have no other adequate legal remedy.  See *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir.), *cert. denied*, 423 U.S. 930 (1975); *Mississippi Power & Light*, 760 F.2d at 629 n.9.

ADT offers only one customer declarant to support its contention.  *See* Declaration of Charles Kratzenberg, Exhibit 1 to ADT's Motion to Enjoin Alliance from Continuing Use of Deceptive Sales Practices (docket entry 114).  The declarant was not interested in switching to Alliance, and ADT did not lose his business.  *Id.* ¶ 9.  ADT cites no evidence that the flyer was distributed widely, or to anyone but Kratzenberg.  *See generally* Motion.  ADT adduces no evidence that an Alliance agent has lied to any other customer in a similar fashion.  See generally *id.*

"Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."  *Holland American Insurance Company v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).  In *Holland American Insurance Company*, 777 F.2d at 997, the Fifth Circuit vacated a district court's grant of injunctive relief where the movant's only evidence of irreparable harm was one employee's affidavit.  See also *Moore v. Tangipahoa Parish School Board*, 507 F. App'x 389, 397-99 (5th Cir.

2013) (granting partial stay of an order for preliminary injunction where the movant only offered two speculative affidavits that did not offer specifics of the harm or the particular impact).  Clearly demonstrating irreparable harm is a heavy burden to overcome.  See *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).  Assertions of injuries not supported by evidence fail to clearly establish irreparable harm.  See *American Telnet, Inc. v. GTE Corporation*, No. 3:99-CV-0280-D, 1999 WL 242686, at *2 (N.D. Tex. April 16, 1999) (Fitzwater, J.).  Here, one customer affidavit, without more, does not "clearly demonstrat[e] irreparable harm."  See *id*.

In its memorandum opinion and order granting ADT's motion to enjoin Capital Connect, the court stressed the significance of the evidence ADT produced to show irreparable harm.  See *Capital Connect, Inc.*, __ F. Supp. 3d __, 2015 WL 6549277, at *10.  A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."  *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotations omitted).  The court will not entertain ADT's feeble attempt to expand the preliminary injunction order to govern Alliance's actions.  If Alliance acted in this manner and/or is continuing to engage in these acts, the court does not condone it.  The court simply concludes that ADT has not carried its heavy burden to prove the four elements necessary for the court to grant its motion for preliminary

injunction.  ADT has not proven that it will suffer irreparable harm if the court does not grant its motion to enjoin Alliance.  Therefore, the court denies ADT's motion to enjoin Alliance from continuing its sales practices.

3.  *Alliance's Motion for Leave to File Sur-reply*

Alliance filed a motion for leave to file a sur-reply in opposition to ADT's motion to enjoin Alliance (docket entry 129) after ADT requested that the court defer ruling on its motion to enjoin Alliance so it could conduct discovery.  Since the court has denied ADT's motion to enjoin Alliance, Alliance's motion for leave to file a sur-reply in opposition to ADT's motion to enjoin alliance is denied as moot.

III.  CONCLUSION

For the reasons stated above, ADT's motion to enjoin Alliance from continuing use of deceptive sales practices (docket entry 114) is **DENIED**, and Alliance's motion for leave to file sur-reply in opposition to ADT's motion to enjoin Alliance (docket entry 129) is **DENIED** as moot.

**SO ORDERED**.

May 18, 2016.

_____
**A. JOE FISH**
**Senior United States District Judge**

- 11 -